IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL JAMES,

    Plaintiff,

  v.

THOMAS BLAIR, et al.,

    Defendants.

_____/

No. CIV.S-05-0289 GEB DAD PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

    By order to show cause filed June 28, 2005, plaintiff, who is proceeding pro se, was directed to show cause in writing why this case should not be dismissed for lack of subject matter jurisdiction. Plaintiff filed the required response along with a request for extension of time to further respond to the order to show cause through counsel. Plaintiff represented at that time that an attorney had agreed to represent him in this matter, although no substitution of counsel had been submitted for the court's approval.

    By order filed August 3, 2005, the undersigned granted plaintiff's request for extension of time, giving plaintiff an

1

1  additional thirty days to respond to the order to show cause
2  regarding the apparent lack of subject matter jurisdiction.  However,
3  no further response to the order to show cause was filed.
4          On August 25, 2005, a state court form entitled
5  "Substitution of Attorney -- Civil" was filed.  That form purported
6  to substitute attorney Moton Holt as plaintiff's attorney of record.
7  However, that form was not submitted for the court's approval and it
8  was not ordered approved by the court as required.  <u>See</u> Local Rule
9  83-182(g).  Mr. Holt also has made no appearance before the court
10 through which he might be considered plaintiff's attorney of record.
11 <u>See</u> Local Rule 83-182(a)(2).  Finally, by letter to the court filed
12 August 31, 2005, Mr. Holt indicates that the substitution was filed
13 in error and that he does not have an attorney-client relationship
14 with plaintiff.  In the letter Mr. Holt also accurately points out
15 that he is not admitted to practice in the United States District
16 Court for the Eastern District of California.  Thus, Mr. Holt is not
17 plaintiff's attorney of record and it remains the case that plaintiff
18 is proceeding pro se in this matter.
19         As previously observed by the undersigned, the complaint in
20 this action indicates that plaintiff is suing various Nevada County
21 officials and other individuals in connection with the alleged sexual
22 assault of his daughter.  The complaint expressly enumerates state
23 law causes of action for assault, battery, and intentional infliction
24 of emotional distress.  It also contains more general allegations of
25 conspiracy and failure to comply with certain county regulations and
26 court orders.  No basis for federal jurisdiction is alleged.  Thus,

1  the court lacks subject matter jurisdiction over this matter.  It
2  would appear that plaintiff's claims are more properly pursued in
3  state court.
4       Despite the court having granted plaintiff approximately
5  four months to address the subject matter jurisdiction issue, none of
6  the assorted documents plaintiff has filed with the court since
7  initiating this action indicate that this court has subject matter
8  jurisdicton over the action.  Indeed, the initial response to the
9  order to show cause filed on July 14, 2005, indicates that this
10 matter concerns a child custody dispute in Placer County involving
11 plaintiff, his daughter and his daughter's mother.  To the extent
12 plaintiff is attempting to challenge a state court child custody
13 order, this court clearly lacks jurisdiction.  See Ankenbrandt v.
14 Richards, 504 U.S. 689, 703 (1992) (holding that domestic relations
15 exception to federal jurisdiction "divests the federal courts of
16 power to issue divorce, alimony, and child custody decrees"); D.C.
17 Court of Appeals v. Feldman, 460 U.S. 462, 482-86 & n.16 (1983)
18 (holding that district courts do not have jurisdiction to review
19 state court decisions or claims "inextricably intertwined" with the
20 merits of the state court determination).  Further, plaintiff's
21 conclusory assertion that he cannot receive fair treatment in Placer
22 County Superior Court because of his race is insufficient to
23 establish federal subject matter jurisdiction.  See Settlemier v.
24 Sullivan, 97 U.S. 444, 448-49 (1878)("We do not question the doctrine
25 that a court of general jurisdiction acting within the scope of its
26 authority -- that is, within the boundaries which the law assigns to

3

it with respect to subjects and persons -- is presumed to act rightly and to have jurisdiction to render the judgment it pronounces, until the contrary appears.").

Accordingly, IT IS HEREBY ORDERED that:

1. The substitution of attorney filed on August 25, 2005, is stricken from the record;

2. The "motion for request for a 90 day stay of proceedings" filed by plaintiff on September 2, 2005, is denied; and

3. The Clerk of the Court is directed to serve a copy of this order and findings and recommendations on plaintiff at the address listed on his complaint as well as attorney Moton Holt. The Clerk also is directed to correct the docket to reflect that plaintiff is proceeding in this matter pro se.

IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3)("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.")

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty (20) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal

4

1  the District Court's order.  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th
2  Cir. 1991).
3  DATED: October 20, 2005.

```
                              /s/ Dale A. Drozd
                              _____
                              DALE A. DROZD
                              UNITED STATES MAGISTRATE JUDGE
```

DAD:th
Ddadl\orders.prose\james0289.order.f&r